**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

819.8 ACRES OF LAND, MORE OR
LESS, LOCATED IN WASATCH AND
SUMMIT COUNTIES, STATE OF
UTAH,

    Defendants,

and

STICHTING MAYFLOWER
RECREATION FONDS and STICHTING
MAYFLOWER MOUNTAIN FONDS,

    Defendants-Appellants.

No. 96-4134
(D.C. No. 87-C-0525S)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL** and **HOLLOWAY**, Circuit Judges, and **BLACK**, District Judge. [1]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The Honorable Bruce D. Black, United States District Judge for the District of New Mexico, sitting by designation.

This case involves a claim for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Defendants-Appellants (Stichtings) appeal the denial of their claim for EAJA fees. The main issues argued by the parties on appeal are whether Stichtings were prevailing parties below, whether the government's position was substantially justified, and whether special circumstances justified the district court's refusal to award fees even if an award was otherwise warranted. We affirm the district court because Stichtings never adequately responded to the contention they did not qualify for an EAJA award. See Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1255 (10th Cir. 1997) (this Court may affirm the decision of the district court for any reason supported by the record below). Moreover, based on the record submitted to this Court it appears the district court was correct in concluding that the government's position was substantially justified.

**Facts and Procedural History**

Stichtings held ownership interests in a large tract of land in Utah, and were in the process of planning the development of portions of the land for use as a resort. The United States decided to exercise its power of eminent domain over some of the land, as part of a plan to create a reservoir and recreation area in the vicinity of the proposed resort. At the outset of the condemnation process the government and Stichtings agreed to conduct a study of certain mine tailings located on Stichtings' property. The purpose

of the study was to determine whether any steps needed to be taken to prevent the tailings from contaminating the proposed reservoir or the area Stichtings planned to develop as a resort. The study was jointly funded by Stichtings and the United States Bureau of Reclamation. The government agreed to deposit an advance payment of a portion of the anticipated condemnation proceeds, not to exceed $1,000,000, into an escrow account. In the event that the study should determine that steps needed to be taken to stabilize the tailings to protect the reservoir, the escrow account would be used to pay the costs of taking such steps. Stichtings retained the right to contest their legal liability to pay for any steps identified by the study.

After the contractors hired to conduct the study finished their report, Stichtings requested the release of the escrowed funds. They pointed to the fact that the ultimate conclusions of the report did not contain any recommendations for steps needed to be taken to protect the proposed reservoir and recreation area from contamination. The government opposed the request. According to the government, the report contained contradictory statements that needed to be resolved before it could be determined that none of the funds in escrow would be needed to pay for protective measures to prevent contamination of the reservoir or recreation area. The district court agreed that an evidentiary hearing was necessary to resolve the questions raised concerning the report.

Stichtings did not quietly acquiesce in the district court's decision. Instead, they filed a renewed motion for release of the funds, a motion for summary judgment, and a

petition for mandamus to this Court. All of these attempts to avoid an evidentiary hearing failed. Once the hearing was held, the district court ruled against the government and in Stichtings' favor, holding that the funds held in escrow should be released. Upon conclusion of the remainder of the condemnation action, including an appeal to this Court, Stichtings filed a motion requesting attorney fees under the EAJA.[2] The United States resisted the motion, raising several arguments in opposition to the request for fees. The government maintained that its position had been substantially justified, that Stichtings unduly protracted the litigation, that Stichtings did not qualify as a "party" for purposes of the EAJA, and that Stichtings were not a prevailing party under that statute. The district court denied the application for fees, agreeing that the government's position was substantially justified and that Stichtings had protracted the litigation unnecessarily.

In support of its contention that Stichtings were not a party entitled to fees under the EAJA, the government pointed out below that to be a qualifying party, a corporation must have a net worth of $7,000,000 or less at the time the civil action was filed, as well as fewer than 500 employees. 28 U.S.C. § 2412(d)(2)(B). The government also pointed out that according to the jury's award in this condemnation proceeding, the property remaining in Stichtings' ownership after the condemnation had a value of $7,595,000 at

---

[2]Stichtings had actually requested an EAJA award of fees during the appeal. We denied that request, however, pointing out that Stichtings had not yet filed an application for such fees with the district court or this Court. U.S. v. 819.98 Acres of Land, 78 F.3d 1468, 1470, fn. 1 (10th Cir. 1996). Following our remand to the district court, Stichtings filed their motion requesting fees.

the time the action was filed, and that Stichtings owned even more Utah property than the 2500 acres involved in this case. Given these significant assets in Utah alone, and the fact that Stichtings are Dutch companies operating internationally and presumably possessing other assets in the Netherlands or elsewhere, the government requested that Stichtings be "put to its proof" on the financial-eligibility issue.

The appendix submitted to this Court for our review of this case does not indicate the nature of Stichtings' response to the government's contention that Stichtings might not be financially eligible for an EAJA award of attorney fees. Stichtings did file a response to the government's objection, but that response has not been included in the appendix. Neither, for that matter, has Stichtings' original motion for fees been submitted as part of the appendix. These omissions are probable violations of 10th Cir. R. 10.3.2(b), which requires that relevant portions of briefs, memoranda, and other documents filed in support of a motion should be included in the appendix when the appeal is from an order denying that motion. In any event, the government's brief on appeal maintains that Stichtings responded with a "bare assertion" that their net worth was below $7,000,000, and nothing in the appendix contradicts that statement. In addition, at oral argument, counsel for Stichtings was asked about the financial-eligibility issue. Counsel maintained that the question had not been raised below, which is not a correct statement, as we have discussed above. Counsel also maintained that there was ample evidence in the record of Stichtings' financial position. If that is true, it is not to be found in the portions of the

record submitted to this Court in the appendix. Our review of the appendix reveals no information concerning Stichtings' financial status, except for the statements made by the government in its opposition to the request for EAJA fees. For purposes of this opinion, therefore, we will accept the government's statement that Stichtings provided no evidence of financial status other than the assertion that the net worth limits of the EAJA were not exceeded. See Rios v. Bigler, 67 F.3d 1543, 1553 (it is appellant's responsibility to provide a record adequate to review the issues presented by an appeal).

The party requesting EAJA fees bears the burden of establishing that it is eligible for such an award. Pate v. U.S., 982 F.2d 457, 459 (10th Cir. 1993) (discussing statute, 26 U.S.C. § 7430, that incorporates EAJA requirements); see also Estate of Woll by Woll v. U.S., 44 F.3d 464, 470 (7th Cir. 1994) (party seeking to recover its litigation costs bore burden of establishing that it met net-worth limitations of EAJA); Love v. Reilly, 924 F.2d 1492, 1494 (9th Cir. 1991) (same). In the face of a challenge to a party's eligibility for an EAJA award, that party must do more than make a bare assertion that it meets the statutory criteria. This is especially true when the government points to facts indicating that a serious question exists as to the party's eligibility, as the government did in this case by directing the district court's attention to Stichtings' extensive landholdings in Utah alone. See Fields v. U.S., 29 Fed.Cl. 376, 382-83 (1993) (submission of hodge-podge of financial data insufficient to establish party's net worth, which is a predicate for an EAJA award), aff'd by unpublished opinion, 64 F.3d 676 (1995); D'Amico v.

Industrial Union of Marine and Shipbuilding Workers of America, AFL-CIO, 630 F.Supp. 919, 921 (D.Md. 1986) (absent some at least minimally factually supported argument that applicant is not eligible for EAJA award, applicant's affidavit indicating such eligibility should be sufficient).

In this case Stichtings apparently did not submit an affidavit or any other kind of proof of their financial status. Given the government's specific challenge to their financial eligibility for an award of fees, this failure meant that Stichtings did not establish that they met the definition of "party" set out in the EAJA. Stichtings therefore did not satisfy their burden of showing they qualified for a fee award under the EAJA.

We recognize that the district court did not rely on this ground in denying the application for fees. However, the government raised the issue below and Stichtings had an opportunity to respond by submitting adequate proof of their financial condition. Nothing in the record that has been submitted to us indicates that Stichtings took advantage of that opportunity. In the absence of such proof, Stichtings were ineligible for a fee award as a matter of law. We may therefore affirm on that ground. See Griffith v. State of Colorado, 17 F.3d 1323, 1328 (10th Cir. 1994) (this Court may affirm on any ground adequately presented to the district court, or on a ground not presented to that court if both parties had an adequate opportunity to develop the record on the issue and the proper resolution of the issue is clear from the record).

We note that if we were to address the merits of the appeal, given the material submitted in the appendix we would affirm also. As we pointed out at oral argument, the report which is the basis for this entire appeal was not included in the appendix. Although the report contains six volumes, the relevant portions of the report do not appear to be voluminous and could easily have been included. Without the report, it is virtually impossible to determine how much conflicting information was contained in the report, or how conclusive the final summary of the report was in stating that no steps needed to be taken to protect the reservoir or recreation area from contamination. We have attempted to review the merits of the substantially-justified question with the aid of the transcript of the last district court hearing, which was submitted as part of the appendix. Based on that limited information, we cannot say that the district court abused its discretion in determining that the government's position was substantially justified. See Pierce v. Underwood, 487 U.S. 552, 562 (1987) (district court's decision on substantial-justification question is reviewed for abuse of discretion). The report apparently contained a number of statements concerning the possibility that wind or water erosion would carry contaminants from the tailings to the proposed reservoir, and recommended that steps (such as capping the tailings and diverting runoff water around them) be taken to protect the immediate area surrounding the tailings from such contamination. Given these statements, it was not unjustified for the government to

attempt to determine whether measures were needed to protect the reservoir and recreation area as well.

Furthermore, again given the limited information submitted to us, we reject Stichtings' claim that the agreement between the Bureau of Reclamation and Stichtings made the conclusions of the study, rather than the body of the study, binding on the government. The agreement speaks in terms of steps "identified by the Study" as necessary to protect the reservoir, not "steps identified in the conclusions of the Study." The statements we have discussed above raised a genuine question in the minds of both the district court and the government as to whether the body of the study actually identified any potential hazards to the reservoir and steps that could be taken to minimize or eliminate such hazards. The purpose of the evidentiary hearing resisted so vigorously by Stichtings was, paraphrasing the district court, to test the credibility of the experts whose conclusions were ultimately that the tailings presented no danger to the reservoir. The district court specifically found that additional information presented at that hearing satisfied the concerns the court had possessed before the hearing began. Having no access to the report, we cannot determine whether the material presented at the hearing was merely duplicative of that contained in the report, or was indeed additional information that proved helpful in resolving the issue of the potential threat to the reservoir. Again, we cannot hold that the district court's determination on this question was an abuse of discretion.

Based on the foregoing, we hold that Stichtings failed to demonstrate that they were financially eligible for an award of fees under the EAJA. For that reason, the district court's decision denying the application for such fees is AFFIRMED.

Entered for the Court


Bruce D. Black
District Judge