Jan. 15, 1998.

MANTLE RANCHES, INC., a Colorado corporation, and Mantle Ranch Real Estate Limited Partnership, Plaintiffs,

v.

UNITED STATES PARK SERVICE, an agency of the United States Department of the Interior; Bruce Babbitt, Secretary of the United States Department of the Interior; Roger Kennedy, National Park Service Director; Robert M. Baker, Rocky Mountain Regional Director, National Park Service; Dennis Huffman, Superintendent, Dinosaur National Monument, Defendants.

No. Civ.A. 95–K–531.

United States District Court,
D. Colorado.

March 6, 1998.

John R. Henderson, Thomas Morris, Vranesh & Raisch, Boulder, CO, Karen J. Budd–Falen, Franklin J. Falen, Budd–Falen Law Offices, Cheyenne, WY, Stanley F. Johnson, Jr., Boulder, CO, for Plaintiffs.

Michael E. Hegarty, U.S. Attorney's Office, Civil Division, Denver, CO, for Defendants.

ORDER DENYING APPLICATION FOR AWARD OF ATTORNEY FEES AND COSTS UNDER EQUAL ACCESS TO JUSTICE ACT

KANE, Senior District Judge.

Plaintiffs Mantle Ranches, Inc. and Mantle Ranch Real Estate Limited Partnership petition for an award of fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Defendant National Park Service (termed "United States Park Service" in the caption) opposes the request.

The EAJA allows "prevailing" private parties to recover their attorney fees and costs from the United States in certain circumstances, unless the court finds that the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government asserts Plaintiffs are not entitled to a recovery under the EAJA because (1) they have not "prevailed" as defined by the EAJA; (2) the position of the National Park Service was "substantially justified;" (3) Plaintiffs have not established that they fit within the statutory definition of a party entitled to recover under the EAJA; (4) special circumstances exist making an award unjust; and (5) the vast majority of Plaintiffs' requested fees and costs are not recoverable.

Under the EAJA, to be a party entitled to fees, a corporation must have a net worth of $7 million or less at the time the civil action was filed, as well as fewer than 500 employees. 28 U.S.C. § 2412(d)(2)(B)(ii). I find the government's third argument is well-taken, namely that Plaintiffs have not shown that they qualify as a "party" entitled to recover under the EAJA because their net worth does not exceed the $7 million ceiling for business entities. Because I deny the petition on this ground, I do not reach the other issues raised.

The party seeking recovery under the EAJA has the burden of establishing it is a "party" for purposes of the EAJA and has met the net worth limitations of the EAJA. *Pate v. United States*, 982 F.2d 457, 459 (10th Cir.1993); *see Estate of Woll by Woll v. United States*, 44 F.3d 464, 470 (7th Cir.1994) (party seeking to recover litigation costs bore the burden of establishing that it met the net worth limitations of the EAJA). "In the face of a challenge to a party's eligibility for an EAJA award, that party must do more than make a bare assertion that it meets the statutory criteria. This is especially true when the government points to facts indicating that a serious question exists as to the party's eligibility...." *United States v. 819.8 Acres of Land*, 133 F.3d 933 (Table), 1998 WL 3285, at * 3 (10th Cir. Jan.7, 1998).

In their petition, Plaintiffs assert they are an "eligible party" in that the fair market

value of the net assets held by Plaintiffs is $275,000, constituting their net worth, and that they employ fewer than 500 employees now and did so at the time this action was filed. In support of their assertion, Plaintiffs attach a letter dated December 15, 1997, from Mark A. Carson, CPA of Mark H. Carson & Associates, P.C. to their counsel, Attorney Karen Budd–Falen. (App.Award Att'y Fees & Costs, Ex. 1) Mr. Carson states he has represented the Mantle family for several years and Mantle Ranch Inc.' (presumably referring to Plaintiff ' Mantle Ranches, Inc.) since early 1997. The letter states: "In connection with my representation of this client, I hereby attest that I am thoroughly familiar with the assets and liabilities of Mantle Ranch, Inc. [sic], and the net worth of this entity as of November, 1994 was approximately $275,000." (*Id.*)

In opposition, Defendants assert the Mantle family has estimated that the value of the land in and around Dinosaur National Monument owned by Plaintiff Mantle Ranches, Inc. is worth upwards of $7.4 million. They attach a letter dated June 27, 1997 from Frank Deed, an agricultural Realtor, to National Park Service enclosing excerpts from a report sent to the Mantle family over a year previously. (Defs.' Opp. Mot. Att'y Fees, Ex. 3.) The letter estimates the low value of the ranch to be $5 million and the high value to be $7,440,000. (*Id.* at 3.) Defendants attach copies of excerpts of a purported sales brochure offering the ranch at a price of $6 million (Defs.' Opp. Mot. Att'y Fees, Ex. 4), and of a purported offer to buy the property for $5,600,000, (*id.*, Ex. 5). According to Defendants, these estimates do not take into account any of the other real property (including other significant parcels that were not part of this litigation) and personal property (including livestock and equipment) owned by Mantle Ranches, Inc. on and outside Dinosaur National Monument, which must be taken into account in computing the corporation's net worth. In addition, Defendants argue, the true parties in interest in this case, who had control of the litigation, are the Mantle family members whose net worth at the time of the filing of the action far exceeded the $2 million ceiling for individuals to qualify as parties under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B)(I).

I ordered Plaintiffs to file a reply, thus giving them the opportunity to bolster their assertion concerning their net worth, in the face of Defendants' challenge to their eligibility for an EAJA award. In the reply, however, Plaintiffs attach no further documentation in support of their accountant's estimate of the net worth of Mantle Ranches, Inc. They merely assert that there is no basis for piercing the corporate veil and that the appraisal commissioned by the Mantles for purposes of settling this case, which has not been used as the basis for a sale, cannot be said to be the net worth of the land belonging to Mantle Ranches, Inc.

In *United States v. 819.8 Acres of Land,* 1998 WL 3285 at * 3, the Tenth Circuit cited *Fields v. United States,* where the court rejected the "contention that the submission of [plaintiff's] self-serving, non-probing affidavit alone is sufficient to establish his status as a 'party' eligible for the award of fees under the EAJA," 29 Fed.Cl. 376, 382 (Fed. Cl.1993), *aff'd,* 64 F.3d 676 (Fed.Cir.1995). "A conclusory affidavit without supporting evidence is inadequate to establish such 'party' status. Thus a petitioner requesting fees under the EAJA must present sufficient evidence so that his or her net worth may be ascertained and verified by the court." *Fields,* 29 Fed.Cl. at 382.

■■■ The purpose of the EAJA is to lift the bar of sovereign immunity for award of fees in suits brought by litigants who qualify under the Act. *Levernier Constr., Inc. v. United States,* 947 F.2d 497, 502 (Fed.Cir. 1991). As a waiver of sovereign immunity the Act must be strictly construed, allowing for the award of fees "only to extent explicitly and unequivocally provided." *Id.* (further quotation omitted).

■■ The government has "point[ed] to facts indicating that a serious question exists as to the [Plaintiffs'] eligibility," *see United States v. 819.8 Acres of Land,* 1998 WL 3285 at * 3. Neither in their motion nor in their reply do Plaintiffs provide any systematic analysis of their assets and liabilities establishing their net worth. The letter from Mantle Ranches, Inc.'s accountant amounts to no more "than a bare assertion that [Mantle Ranches, Inc.] meets the statutory crite-

ria," *see id.* Moreover, although Mantle Real Estate LP has been joined as a Plaintiff in this case and the motion is brought on behalf of both Plaintiffs, there is no attempt whatsoever to establish that this entity met the net worth limitation of the EAJA at the time this action was filed. The failure to submit information consistent with generally accepted accounting principles is fatal to Plaintiffs' application under the EAJA. *See Continental Web Press, Inc. v. NLRB,* 767 F.2d 321, 323 (7th Cir.1985).

For the aforesaid reasons, I find Plaintiffs have not met their burden of establishing that they meet the net worth limitations of the EAJA.[1] Accordingly,

IT IS ORDERED THAT Plaintiffs' Application for Award of Attorneys [sic] Fees and Costs is DENIED.

---

1. As stated above, because Plaintiffs' deficiency in proof is fatal respecting whether they are a "party" as defined in 28 U.S.C. § 2412(d)(2)(B), it is unnecessary to reach the other issues raised by Defendants.