OPINION OF THE COURT
Thomas W. Keegan, J.
Petitioner moves this court seeking to recover attorneys’ fees pursuant to the New York State Equal Access to Justice Act (CPLR art 86 [EAJA]). Respondents oppose the motion, and cross-move for leave to commence discovery and a stay. *574 CPLR article 86 provides that “a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust.” (CPLR 8601 [a].) CPLR 8602, in pertinent part, defines an eligible “party” as “an individual whose net worth, not including the value of a homestead used and occupied as a principal residence, did not exceed fifty thousand dollars at the time the civil action was filed”. (CPLR 8602 [d] [i].)
“Preliminarily, it should be noted that CPLR article 86 is in derogation of the common law in that it shifts to the State the obligation for the payment of counsel fees in limited circumstances and should therefore be strictly construed.” (Matter of Peck v New York State Div. of Hous. & Community Renewal, 188 AD2d 327.) The threshold issue before the court is whether the petitioner fits within the limited class of individuals that can seek fee awards under the statute. (See, Matter of New York State Clinical Lab. Assn. v Kaladjian, 85 NY2d 346, 354.)
Although the Federal Equal Access to Justice Act (28 USC § 2412 [d]), upon which New York’s EAJA was modeled (see, CPLR 8600), defines an eligible party more expansively (Matter of New York State Clinical Lab. Assn. v Kaladjian, 85 NY2d, supra, at 354), Federal case law is instructive as there are few published New York cases on the net worth aspects of CPLR article 86. Under the Federal EAJA, a party requesting fees bears the burden of establishing that she is eligible for such an award. (See, e.g., Estate of Woll v United States, 44 F3d 464, 470.) “In the face of a challenge to a party’s eligibility for an EAJA award, that party must do more than make a bare assertion that [she] meets the statutory criteria.” (United States v 819.8 Acres of Land, 1998 WL 3285, 3 [10th Cir, Jan. 7,1998], 133 F3d 933 [unpublished].)
In response to the respondents’ challenge to petitioner’s entitlement to “party” status under CPLR 8602 (d) (i) and cross motion for discovery, petitioner submits a reply affidavit stating that at the time the proceeding was brought in October of 1997 she did not, nor has she ever had a net worth in excess of $50,000. Petitioner also states that she is a lifelong civil service employee of the New York State Department of Motor Vehicles with a current yearly salary of $55,000. While she acknowledges that she has pension rights, petitioner, who is a tier I employee with nearly 30 years to her credit, does not include her pension as an asset on the attached schedule listing her and her husband’s assets and liabilities.
*575 Although New York’s statute and case law provide little or no guidance as to what is included in valuing an individual’s net worth under the EAJA, by comparison, income is to be included in determining net worth (Domestic Relations Law § 236 [B] [4] [a]), and both income and the current value of a vested pension are to be included as assets on a statement of net worth (22 NYCRR 202.16 [b]; subtit D, ch III, subch A) in a matrimonial action. Here, petitioner has not included either her income or her pension interest as an asset. Equally troubling is petitioner’s failure to allocate assets and liabilities between herself and her husband.
Given petitioner’s burden, respondents’ specific challenge to petitioner’s eligibility, and her thin submission in the face of that challenge, her motion for an award of counsel fees and expenses, pursuant to CPLR article 86, is denied.
In view of the foregoing, respondents’ motion for leave to commence discovery and a stay is denied as moot.