■ In the Matter of Oscar Cintron, Respondent, v Judith A. Calogero, Appellant. [952 NYS2d 24]—

The application should have been denied, since DHCR's position in the underlying CPLR article 78 proceeding was "substantially justified" (CPLR 8601 [a]), that is, it had a "reasonable basis both in law and fact" (*Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY3d 346, 356 [1995] [internal quotation marks omitted]). Indeed, when the proceeding commenced, appellate precedent existed supporting the agency's position (*see e.g. Matter of Highlawn Assoc. v Division of Hous. & Community Renewal*, 309 AD2d 750 [2d Dept 2003], *overruled by Jenkins v Fieldbridge Assoc., LLC*, 65 AD3d 169, 173 and n 1 [2d Dept 2009], *appeal dismissed* 13 NY3d 855 [2009]). Although that precedent was ultimately held invalid by the Court of Appeals (*see Matter of Cintron v Calogero*, 15 NY3d 347 [2010], *revg* 59 AD3d 345 [1st Dept 2009]), DHCR's position was not rendered unjustified "simply because it lost the case" (*Matter of New York State Clinical Lab.*, 85 NY2d at 357 [internal quotation marks omitted]). We reject petitioner's contention that DHCR is required to make a heightened "strong showing" to demonstrate that its position was substantially justified (*compare Ericksson v Commissioner of Social Sec.*, 557 F3d 79, 82 n [2d Cir 2009], *with Matter of Graves v Doar*, 87 AD3d 744, 747 [2d Dept 2011], *and Matter of Barnett v New York State Dept. of Social Servs.*, 212 AD2d 696, 697-698 [2d Dept 1995], *lv dismissed* 85 NY2d 1032 [1995]).

Even if DHCR's position was not substantially justified, petitioner is not entitled to counsel fees and expenses under CPLR article 86, as he did not meet his burden of establishing that he is a "party" eligible for such an award (*see* CPLR 8601 [b] [1]; *Matter of Hickey v Sinnott*, 179 Misc 2d 573, 574 [Sup Ct, Albany County 1998]). In particular, petitioner failed to show that his net worth at the time he commenced the CPLR article 78 proceeding did not exceed $50,000 (*see* CPLR 8602 [d] [i]; *Hickey*, 179 Misc 2d at 574). Indeed, in his opening papers in support of his application, petitioner failed even to allege that

his net worth was less than or equal to $50,000. Although petitioner made such an allegation in an affidavit improperly submitted for the first time in his reply papers (*see generally Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 626 [1st Dept 1995]), he failed to set forth any concrete facts to support his claim (*see* CPLR 8601 [b] [1]), such as a statement of his assets and liabilities (*see Broaddus v United States Army Corps of Engrs.*, 380 F3d 162, 169 [4th Cir 2004]; *Hickey*, 179 Misc 2d at 575). Concur—Andrias, J.P., Sweeny, Catterson and Moskowitz, JJ.