# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

237

CA 13-01417

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

BETTY L. KIMMEL, PLAINTIFF-RESPONDENT,

V                                               MEMORANDUM AND ORDER

STATE OF NEW YORK AND NEW YORK STATE DIVISION
OF STATE POLICE, DEFENDANTS-APPELLANTS.
------------------------------------------------
EMMELYN LOGAN-BALDWIN, INTERESTED
PARTY-RESPONDENT.

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (BRADLEY A. HOPPE OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

HARRIET L. ZUNNO, HILTON, FOR PLAINTIFF-RESPONDENT.

HARRIS BEACH PLLC, PITTSFORD (A. VINCENT BUZARD OF COUNSEL), FOR
INTERESTED PARTY-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn
Frazee, J.), entered June 5, 2013.  The order granted the applications
of plaintiff and former counsel for plaintiff for attorneys' fees and
expenses.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed with costs, plaintiff and Emmelyn Logan-Baldwin
are awarded attorneys' fees and disbursements on appeal and the matter
is remitted to Supreme Court, Monroe County, for further proceedings
in accordance with the following Memorandum:  Plaintiff commenced the
instant action in May 1995, alleging sex discrimination, sexual
harassment, and retaliation under the Human Rights Law (Executive Law
§ 296) and Civil Rights Law §§ 40-c and 40-d.  There have been
numerous appeals since 1999 in this matter and, most recently, we
determined that plaintiff and her former attorney, interested party
Emmelyn Logan-Baldwin, were entitled to seek attorneys' fees and
expenses under CPLR article 86, i.e., the New York State Equal Access
to Justice Act (EAJA) (*Kimmel v State of New York*, 76 AD3d 188).  Upon
remittal to Supreme Court, the parties stipulated to the amount of the
attorneys' fees.  The parties however, litigated the issue whether
plaintiff met her burden of establishing that, at the time the action
was commenced, her net worth was less than $50,000 (*see* CPLR 8602 [d]
[i]).  The EAJA authorizes "the recovery of counsel fees and other
reasonable expenses in certain actions against the state of New York,
similar to the provisions of federal law contained in 28 U.S.C. § 2412
[d] [federal EAJA] and the significant body of case law that has

evolved thereunder" (CPLR 8600).  In contrast to the EAJA, however, we note that the federal EAJA requires a prevailing party seeking counsel fees and expenses to establish a net worth of not more than $2 million (*see* 28 USC § 2412 [d] [2] [B]).

In addition to her own affidavit, plaintiff submitted a bankruptcy petition that was filed on July 5, 1995.  The petition reflects that plaintiff and her husband retained an attorney for the bankruptcy on May 30, 1995, six days after this action was commenced.  Plaintiff also submitted the affidavit of a certified public accountant (CPA), who prepared a "statement of financial condition" of plaintiff and averred "with a reasonable degree of accounting certainty" that plaintiff's net worth at the time she commenced the action was a negative figure.  We reject defendants' contention that federal authority requires plaintiff to provide an integrated balance sheet with an affidavit from a CPA that the review complies with generally accepted accounting principles (GAAP) and that, here, the CPA's report and affidavit should be rejected because his report does not comply with the GAAP.  Indeed, the Fourth Circuit Court of Appeals recognized that the federal EAJA does not "give instructions on how to calculate an applicant's net worth" (*Broaddus v United States Army Corps of Engrs.*, 380 F3d 162, 166 [2004]).  The *Broaddus* Court concluded that the affidavit from plaintiff's accountant and two appraisals of the property at issue was "sufficient documentation to allow the district court to determine [plaintiff's] net worth" (*id.* at 168).  By contrast, the 10th Circuit Court of Appeals concluded that plaintiff failed to meet its burden of proving its net worth at less than $2 million with only an "unverified and unsworn" letter from its accountant (*Shooting Star Ranch, LLC v United States*, 230 F3d 1176, 1178 [2000]).

We conclude that, here, plaintiff's proof is "more than ample to demonstrate [her] eligibility for an EAJA award" (*Broaddus*, 380 F3d at 169).  The court properly determined that the bankruptcy petition reflected plaintiff's net worth at the time she commenced the action and properly credited plaintiff's affidavit and the affidavit of her accountant, all of which provided the court with sufficient information to determine plaintiff's assets and liabilities, and thus her net worth, at the time the action was commenced (*cf. Matter of Cintron v Calogero*, 99 AD3d 456, 457-458, *lv denied* 22 NY3d 855).

In their respective respondent's briefs, plaintiff and Logan-Baldwin seek sanctions, fees and costs associated with this appeal.  Defendants failed to respond to the request in their reply brief.  We conclude that sanctions are not warranted inasmuch as defendants' appeal does not constitute "frivolous conduct" as defined in 22 NYCRR 130-1.1 (c) (*see Amherst Magnetic Imaging Assoc., P.C. v Community Blue, HMO of Blue Cross of W. N.Y.*, 286 AD2d 896, 898, *lv denied* 97 NY2d 612).  We nevertheless conclude that plaintiff and Logan-Baldwin are entitled to attorneys' fees, costs and disbursements incurred in defending this appeal because the position of the state on appeal was not "substantially justified" (CPLR 8601 [a]), i.e., it did not have "a reasonable basis both in law and fact" (*Matter of New York State*

*Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 356 [internal quotation marks omitted]; *cf. Cintron*, 99 AD3d at 457).  Here, the court's determination was supported by the record and applicable law, and defendants' appeal addressed only alleged technical deficiencies in plaintiff's proof that were rejected by the court.  Indeed, "[t]he EAJA is meant to open the doors of the courthouse to parties, not to keep parties locked in the courthouse disputing fees well after the resolution of the underlying case.  The EAJA's requirements must be interpreted accordingly" (*Sosebee v Astrue*, 494 F3d 583, 588-589).  We therefore remit the matter to Supreme Court to determine the amount of reasonable attorneys' fees and disbursements incurred in defending this appeal (*see Deep v Clinton Cent. Sch. Dist.*, 48 AD3d 1125, 1127).

Entered:  March 28, 2014                          Frances E. Cafarell
                                                  Clerk of the Court