■ L & P Electric Co., Inc. v. E. J. Korvette, Inc.— Motion for an order placing appeal on the May 29, 1962 Non-Enumerated Calendar of this court granted and the appeal is permitted to be heard on the original record, without printing the same, and upon typewritten or mimeographed appellant's points, on condition that the appellant serves one copy of the typewritten or mimeographed appellant's points upon the attorney for respondent and files 6 typewritten or 19 mimeographed copies of appellant's points, together with the original record, with this court on or before May 24, 1962, with notice of argument for May 29, 1962, said appeal to be argued or submitted when reached. Respondent's points are to be served and filed on or before 12 o'clock noon on May 28, 1962. Concur — Botein, P. J., Valente, McNally, Stevens and Steuer, JJ.

■ Alan F. McHenry, Individually and as Assignee, Respondent, v. Fifth Avenue Synagogue et al., Appellants.

Appeal by defendants from that part of an order of the Supreme Court at Special Term entered April 4, 1962 in New York County, which granted a motion by plaintiff for an order eliminating paragraph "Twenty-fourth" of the second amended complaint and substituting in place thereof a new paragraph "Twenty-fourth" and further provided that the allegations of the said new paragraph be deemed denied.

*Per Curiam.* Defendants appeal from so much of an order entered April 4, 1962, as granted leave to plaintiff to amend his second amended complaint by deleting therefrom paragraph Twenty-fourth, and adding a new paragraph Twenty-fourth, and directed that same be deemed denied.

Plaintiff is the lessee of the entire premises 9 East 62nd Street, Manhattan. He sues individually and as assignee in this statutory action for damages to the building allegedly caused by defendants' failure to underpin and support its foundation in connection with certain excavation work at 5–7 East 62nd Street. The action was begun November 3, 1958.

The case had been assigned for trial when plaintiff moved to amend the complaint with respect to the assignment and the *ad damnum* clause. A mistrial was directed upon a plea of surprise by defendants. Plaintiff moved thereafter at Special Term for the relief sought, and an order was obtained from which this appeal was taken.

The amendment granted permitted the alleging of an assignment to plaintiff on March 9, 1962 of certain rights to bring or maintain the present action. It substantially altered the pleadings so as to assert new rights and, in effect, pleaded a new cause of action, at least as to certain of the defendants. Under the circumstances shown a supplemental pleading is required (Civ. Prac. Act, §§ 245, 245-a, 245-b; *Christie Bros.* v. *Ayer,* 12 A D 2d 753).

Accordingly the order appealed from should be modified on the law and in the exercise of discretion to the extent of requiring plaintiff to serve a supplemental complaint in place of the former pleading containing a separate cause of action as to the March 9, 1962 assignment, with leave to defendants to answer or otherwise move with respect to such complaint, with costs to the appellant.

Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ., concur.

Order, entered on April 4, 1962, so far as appealed from, unanimously modified, on the law and in the exercise of discretion, with $20 costs and disbursements to the appellants, to the extent of requiring plaintiff to serve a supplemental complaint in place of the former pleading containing a separate cause of action as to the March 9, 1962 assignment, with leave to defendants to answer or otherwise move with respect to such complaint. As thus modified, order affirmed.