■ ATLANTIC STEAMERS SUPPLY Co., INC., Respondent, v. MANUEL E. KULUKUNDIS, Appellant.— Order entered May 28, 1969, denying motion to dismiss complaint reversed on the law, with $50 costs and disbursements to appellant, the motion granted and with permission to plaintiff to apply at Special Term to serve an amended complaint. The complaint is drawn in an unusual manner. It starts off with 12 paragraphs purporting to be allegations of fact. There follow six paragraphs each purporting to be a separate cause of action in which it is alleged that, by virtue of one of the preceding paragraphs, defendant is indebted to plaintiff in a certain sum. The initial difficulty is that none of the causes of action as alleged is complete in that the allegation of the paragraph referred to does not in itself state a cause of action. But even if this unorthodox form is overlooked, the complaint is still faulty. Apparently the plaintiff's claims arise from the sale and delivery of supplies to several vessels. However, it is not alleged that plaintiff sold and delivered these goods. Instead it is alleged that they were delivered by plaintiff and its co-suppliers without distinction and without any showing of assignment or other way in which plaintiff acquired the right to sue for any failure to pay. Secondly, it is alleged that the various vessels were owned by named corporations but that these corporations were operated for the benefit of the defendant and his son. There is nothing to show in what way, aside from stock ownership, it is claimed that defendant thereby became responsible for the sales. Additionally it is alleged that the accounts arising from the sales were assigned to a factor without any showing that they were reassigned, or what the status of the accounts may now be. It

is impossible to determine what plaintiff's claim is or why defendant is liable to it. However, it is possible that these deficiencies may be overcome and, hence, permission is granted to apply for leave to serve an amended complaint. Such application must comply with the conditions requisite on any such motion (see *Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133). Concur — Capozzoli, J. P., Markewich, Steuer and Macken, JJ.