■ SAMUEL MALLIS, Plaintiff, v JEROME B. KATES et al., Defendants. JACK J. ARNOLD, Third-Party Plaintiff-Appellant, v JEROME B. KATES et al., Third-Party Defendant, and BANKERS TRUST COMPANY, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County, entered August 19, 1975, denying the motion of the third-party plaintiff-appellant Arnold to amend his third-party complaint, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, and the motion granted. Appeal from order of the same court entered November 26, 1975, denying his motion for renewal and reargument, unanimously dismissed, without costs and without disbursements, as academic. In this action for conspiracy and malpractice commenced in December, 1972, after some interim proceedings in which the Bankers Trust Company was successful in having the complaint against it dismissed, the defendant Arnold issued a third-party complaint in December, 1973 against several of his codefendants and others, including the bank. However, the bank was the only party served. The others were not served because defendant Arnold's prior attorney became ill, which illness terminated in death in May, 1975. Arnold thereafter obtained the papers in the case, and in June, 1975 retained new counsel. A motion to amend was made in August, 1975, and it was denied on the basis of an insufficient explanation for the delay. The reason for delay heretofore set forth seems adequate, and there is absent a showing of sufficient prejudice to warrant denying the motion for leave. (See *McHenry v Fifth Ave. Synagogue,* 16 AD2d 773.) The proposed amended third-party complaint demonstrates essentially no new facts, but merely the assertion of a different legal theory. (See *Singer v Beneficial Nat. Life Ins. Co.,* 51 AD2d 957; *Gonzalez v Concourse Plaza Syndicates,* 27 AD2d 516.) Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.

■ In the Matter of METROPOLITAN RETAIL MERCHANTS ASSOCIATION et al., Petitioners, v EDWARD THOMPSON, Respondent.—Application for an order, pursuant to article 78 of CPLR, vacating certain directives and for other relief, unanimously denied and the petition dismissed, without costs and without disbursements. (See Directive 399, Feb 24, 1976.) Concur—Stevens, P. J., Markewich, Kupferman, Birns and Capozzoli, JJ.