■ O'HARA & CROUGH, P. C., Individually and as Assignee of the City of Watertown, et al., Respondents, v ACADEMY HOUSING ASSOCIATES et al., Appellants. [612 NYS2d 979] —Motions to strike exhibits from appellants' brief and for other relief denied. Memorandum: Having elected to prosecute their appeal on a full, reproduced record, appellants were required to file the original record and 14 copies thereof on or before January 26, 1994 (see, 22 NYCRR 1000.5 [b]). Appellants failed to file the necessary copies, and the appeal has been dismissed as abandoned. Plaintiffs' motions, therefore, are moot. Present —Green, J. P., Pine, Fallon, Davis and Boehm, JJ.

■ JOEL R. SIEGEL et al., Appellants, v COUNTY OF MONROE, Respondent. [614 NYS2d 97] —Motion to dispense with filing of exhibits denied. Memorandum: The motion is unnecessary (see, 22 NYCRR 1000.4 [a]). Present—Green, J. P., Balio, Lawton, Fallon and Callahan, JJ.

■ CHERYL M. BRITTLE, Respondent, v RICHARD WELTMAN, Appellant. [612 NYS2d 983] —Order unanimously affirmed with costs. Memorandum: Plaintiff's fourth and fifth causes of action were pleaded with sufficient particularity to satisfy CPLR 3016 (b). Those causes of action are not "so vague or ambiguous that a party cannot reasonably be required to frame a response" (CPLR 3024 [a]). Defendant's motion to change venue also is without merit. Plaintiff commenced this action against defendant individually, not against the partnership or business, and therefore the county designated by plaintiff is the appropriate place of trial (see, CPLR 503 [a]). Under the circumstances, the court did not abuse its discretion in failing to impose sanctions upon plaintiff with respect to dismissal of the second cause of action (see, 22 NYCRR 130-1.1 [c] [1]; Minister of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411, 414). (Appeal from Order of Supreme Court, Queens County, Dunkin, J.—Breach of Contract.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.