◼ ANNIE TUMMINELLO, Respondent, v FRANK TUMMINELLO, Appellant. [651 NYS2d 166] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from a decision of the Supreme Court, Nassau County (Roncallo, J.), dated January 31, 1995, (2) from an order of the same court (Murphy, J.), entered November 13, 1995, which denied his motion, in effect, to set aside the decision dated January 31, 1995, (3) as limited by his brief, from so much of a judgment of the same court, entered November 16, 1995, as made an equitable distribution of the marital assets, awarded child support in the amount of $350 per week, and maintenance in the amount of $600 per week, and (4) as limited by his brief, from so much of an order of the same court, entered March 18, 1996, as granted the branch of the plaintiff's cross motion which was, in effect, to direct him to pay all maintenance charges for the plaintiff's residence pending the determination of this appeal.

Ordered that the appeal from the decision dated January 31, 1995, and the order entered November 13, 1995, are dismissed, without costs or disbursements, as no appeal lies therefrom (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509; *Matter of Metropolitan Prop. Liab. Ins. Co. v Boisette,* 105 AD2d 785); and it is further,

Ordered that the judgment is modified by deleting therefrom the provision which made an equitable distribution of the marital assets; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of equitable distribution in accordance herewith; and it is further,

Ordered that the order entered March 18, 1996, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that pending the hearing and determination of the trial court on the issue of equitable distribution, the provision of the order entered March 18, 1996, which directed the defendant, in effect, to pay the plaintiff the maintenance charges and expenses on the residence to which she has relocated, shall remain in effect.

At trial, the accountant who prepared the defendant's net worth statement as of the date of the marriage, April 17, 1982,

testified that in valuing the defendant's stock holdings he relied upon a schedule of those stock holdings as of May 15, 1982, which was contained in a 1982 report prepared by accountants Adler & Topal (hereinafter the Adler & Topal report). The Adler & Topal report also contained a statement of the defendant's assets and liabilities as of that date, but the accountant did not use that part of the report; he testified that he conducted his own independent investigation of the defendant's other assets and liabilities. The court allowed the Adler & Topal report into evidence for the limited purpose of establishing a foundation for the accountant's testimony concerning the defendant's stock holdings as of the date of the marriage.

Nevertheless, in its decision the trial court expressly stated that it was relying on the Adler & Topal report to establish the defendant's net worth as of the date of the marriage. This was error. Since the Adler & Topal report was admitted into evidence only for a limited purpose, the court could not rely upon it in making its calculations for equitable distribution. The matter must therefore be remitted for a recalculation of the value of the marital estate based upon the testimony and the documents in evidence. In light of this holding, we do not address the defendant's other contentions as to the impropriety of the equitable distribution award.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.