■ BASIL B. et al., Respondents, v MEXICO CENTRAL SCHOOL DISTRICT et al., Appellants, et al., Defendant. MEXICO CENTRAL SCHOOL DISTRICT et al. Third-Party Plaintiffs-Appellants-Respondents, v JESSICA HIGGINS et al., Third-Party Defendants-Respondents, and KIRK WILLIAMS, Third-Party Defendant-Respondent-Appellant. [669 NYS2d 992] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court did not err in granting the motions of third-party defendants for summary judgment dismissing the third-party action for contribution against them. Third-party defendants met their initial burden of establishing entitlement to judgment in their favor as a matter of law, and defendants-third-party plaintiffs failed to establish the existence of a material issue of fact.

The court did not abuse its discretion in awarding reasonable attorney's fees to third-party defendants pursuant to 22 NYCRR 130-1.1 (*see generally, Matter of Williams v Williams*, 215 AD2d 980, 981). Frivolous conduct includes conduct that is without merit in law and cannot be supported by an argument to change existing law, as well as conduct undertaken to delay the resolution of litigation or to harass or maliciously injure another (*see*, 22 NYCRR 130-1.1 [c] [1], [2]). The court found that the third-party action was completely without merit in law, that the primary purpose for its commencement was to delay the action and "increase the 'pressure' on the infant plaintiff by suing a series of the classmates" and that commencement of the third-party action was "irresponsible action" that would cause "potential, substantial emotional damage". We agree. The court noted that, although it advised the attorney for defendants-third-party plaintiffs against commencement of such an action at a pretrial conference held after the third-party complaint had been filed but before it had been served, that advice was ignored. Under the circumstances, the court did not abuse its discretion in awarding attorney's fees to third-party defendants.

The court, however, should have granted the motion of third-party defendant Kirk Williams for a supplemental award of attorney's fees for the successful motion to resettle the order. We

therefore modify the order by granting that motion, and we remit the matter to Supreme Court to determine the appropriate amount. (Appeals from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Callahan and Fallon, JJ.