■ EILEEN M. DOONE, Individually and as Next of Kin of JOHN SEXTON, JR., Deceased, Respondent, v RALPH G. REISER, Defendant and Third-Party Plaintiff-Appellant-Respondent. RICHARD J. MONTELIONE et al., Third-Party Defendants-Respondents-Appellants. [707 NYS2d 908] —In an action to recover damages for legal malpractice and breach of contract, the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated December 17, 1998, as granted the motion of the third-party defendants to dismiss the third-party complaint, and the third-party defendants cross-appeal from so much of the same order as denied their request for an award of sanctions and legal fees pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for an award of sanctions and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiffs-respondents and the third-party defendants-respondents-appellants, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith.

The Supreme Court correctly determined that the third-party complaint, even if liberally construed in favor of the third-party plaintiff (*see, e.g., Leon v Martinez*, 84 NY2d 83, 87-88), fails to allege a breach of any duty by the third-party defendants giving rise to a cognizable claim to recover damages for legal malpractice (*see, e.g., Rosner v Paley*, 65 NY2d 736, 738; *cf., Schauer v Joyce*, 54 NY2d 1, 5).

However, the Supreme Court erred in denying the third-party defendants' request for sanctions. The entire third-party

action, including the various motions made by the third-party plaintiff, is frivolous within the, meaning of 22 NYCRR 130-1.1 (c) in that it is without basis in law or fact, and was designed merely to harass and delay his opponents (*see, e.g., Mitchell v Herald Co.,* 137 AD2d 213; *see also, Intercontinental Credit Corp. Div. v Roth,* 78 NY2d 306; *Mantovi v Nico Constr. Co.,* 217 AD2d 650). Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of the appropriate amount of a sanction to be imposed and reasonable counsel fees to be awarded pursuant to 22 NYCRR 130-1.1. Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.