■ AMHERST MAGNETIC IMAGING ASSOCIATES, P. C., Respondent, v COMMUNITY BLUE, THE HMO OF BLUE CROSS OF WESTERN NEW YORK, INC., et al., Appellants. [730 NYS2d 639] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff and defendants, Community Blue, The HMO of Blue Cross of Western New York, Inc., and Blue Cross of Western New York, Inc. (collectively Community Blue), executed a contract designating plaintiff as a "preferred provider" of Magnetic Resonance Imaging (MRI) services for Community Blue for the period from April 1, 1989 through December 31, 1992. Plaintiff was to provide Community Blue with "global billing," which would combine the bills for MRI technical services and the bills for the professional services rendered to interpret the MRIs. Companies that were not parties to the contract between plaintiff and Community Blue provided the technical and professional services.

Plaintiff commenced the instant action after learning that Community Blue had used providers other than those billing through plaintiff for MRI services. The third amended complaint alleges causes of action for breach of contract, breach of good faith and fair dealing, breach of fiduciary duty and fraudulent misrepresentation, but it does not allege that plaintiff is

seeking damages on behalf of the companies that provided the technical and professional services.

At trial, one of plaintiff's principals conceded that plaintiff had not suffered any damages as a result of Community Blue's conduct. At the close of plaintiff's case, Community Blue moved to dismiss the complaint on the ground that the failure of plaintiff to establish damages was fatal to its action. Supreme Court reserved decision on the motion, stating that it had to determine whether plaintiff had a right to recover "on behalf of intended beneficiaries." At the close of proof, Community Blue renewed its motion to dismiss the complaint. The court denied the motion, determining that the companies providing the technical and professional services were "known and intended beneficiaries" and thus plaintiff was entitled to maintain the action on their behalf. That was error. Where, as here, the unambiguous contract evinces no intent to benefit a third party, those who are not in privity under the contract are merely incidental beneficiaries with no right of recovery thereunder (*see, Cerullo v Aetna Cas. & Sur. Co.,* 41 AD2d 1, 3-4; *see also, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655).

We reject the contention of plaintiff that the court erred in denying its motion to conform the pleadings to the proof by adding a cause of action based on assignments from the companies providing the services. Plaintiff was required to plead that cause of action (*see, Atlantic Steamers Supply Co. v Kulukundis,* 33 AD2d 999; *McHenry v Fifth Ave. Synagogue,* 16 AD2d 773), and leave to amend pleadings should not be granted where, as here, the party opposing the amendment would be prejudiced thereby (*see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23, *rearg denied* 55 NY2d 801). Here, plaintiff did not move to amend the third amended complaint until trial, and plaintiff did not otherwise provide Community Blue with notice that it would seek to recover damages sustained by others. Community Blue therefore was not afforded an opportunity to investigate those claims and would have been prejudiced by the proposed amendment.

The contention that plaintiff was acting as an agent for the companies providing the services is raised for the first time on appeal and therefore is not preserved for our review (*see, Pellicane v Lambda Chi Alpha Fraternity,* 228 AD2d 569, 570; *Doe v Poe,* 189 AD2d 132, 136, *lv denied* 81 NY2d 711). Plaintiff may not rely on the theory of equitable estoppel because it failed to establish that Community Blue engaged in any conduct that "amounts to a false representation or concealment of material facts," an essential element of equitable estoppel

(*Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 81; *see, Fuchs v New York Blood Ctr.,* 275 AD2d 240, 241, *lv denied* 95 NY2d 769; *Ingalsbe v Chicago Ins. Co.,* 270 AD2d 684, 685, *lv dismissed* 95 NY2d 849).

We further reject plaintiff's contention that the liquidation agreements established a basis for recovery on behalf of the companies providing MRI services. The only agreement received in evidence was offered by Community Blue during its case-in-chief, for the limited purpose of impeaching a witness. A trier of fact may not rely on evidence introduced for a limited purpose to decide factual issues that extend beyond the limited purpose for which the evidence was offered (*see, Tumminello v Tumminello,* 234 AD2d 448, 449).

Finally, we conclude that the court did not abuse its discretion in denying Community Blue's motion seeking sanctions for frivolous conduct. "The proceeding commenced by plaintiff[ ] was not 'completely without merit in law or fact' (22 NYCRR 130-1.1 [c] [1]), nor was it demonstrated that it was commenced to 'harass or maliciously injure another' (22 NYCRR 130-1.1 [c] [2])" (*Distafano v Keycorp Mtge.,* 212 AD2d 994). Thus, we modify the amended order by granting defendants' motion and dismissing the third amended complaint. (Appeal from Amended Order of Supreme Court, Erie County, NeMoyer, J.—Contract.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.