■ ERROL S. DANIELS, O.D., Respondent, v PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY, Appellant. [738 NYS2d 474] —Appeal from an order of Supreme Court, Erie County (Gorski, J.), entered April 3, 2001, which, inter alia, granted plaintiff's motion for a directed verdict and awarded attorney's fees to plaintiff.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's motion for a directed verdict and reinstating the

verdict and by vacating the award of attorney's fees to plaintiff and as modified the order is affirmed without costs.

Memorandum: Plaintiff is a licensed optometrist with a progressive motor neuron condition that affects the motor control in his hands. In 1977 defendant issued a disability policy to plaintiff. In 1986 defendant began paying plaintiff disability benefits under the "total disability" provision of the policy, which related to the inability of plaintiff to perform the duties of his occupation. In 1997, shortly before the total disability benefits were to expire, plaintiff applied for benefits under the "presumptive total disability" provision of the policy, which related to plaintiff's inability to perform everyday tasks irrespective of plaintiff's ability to engage in any gainful employment. Defendant denied that claim. Plaintiff commenced a breach of contract action to recover benefits under both disability provisions of the policy, and defendant commenced a separate action for fraud to recover the total disability benefits paid to plaintiff for almost 12 years. Supreme Court consolidated the two actions. On a prior appeal, we affirmed an order denying defendant's motion for summary judgment based on the trial court's determination that there were triable issues of fact (*Daniels v Provident Life & Cas. Ins. Co.*, 280 AD2d 1012).

At trial, the court dismissed defendant's fraud claim, and plaintiff then withdrew his claim for the two remaining months of benefits under the total disability provision of the policy. Consequently, only plaintiff's claim for benefits under the presumptive total disability provision of the policy was submitted to the jury. After the jury returned a verdict of no cause of action, the court granted plaintiff's motion for a directed verdict. The court determined as a matter of law that the terms "entire loss" and "irrecoverable" were ambiguous and that plaintiff was entitled to benefits under the terms of the policy pursuant to generally accepted rules of contract interpretation.

We agree with defendant that the court erred in granting plaintiff's motion for a directed verdict. In granting the motion, the court had "to conclude as a matter of law that the jury verdict was not supported by sufficient evidence," i.e., "that there was 'no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial'" (*Levin v Carbone*, 277 AD2d 951, 951, *lv denied* 96 NY2d 705). Here, defendant's proof established that plaintiff performed many tasks, including actively working as an optometrist, and it cannot be said that the jury's verdict was irrational. Indeed, the court granted the motion based on the

alleged ambiguity of "entire loss" and "irrecoverable," not based on the evidence presented at trial. In any event, those terms are not ambiguous (cf., Cotton v Provident Life & Cas. Ins. Co., 951 F Supp 395, 400-401), and the court adequately defined them to the jury without objection. Consequently, we modify the order by denying plaintiff's motion for a directed verdict and reinstating the verdict.

We further note that, in granting plaintiff's motion for a directed verdict, the court dismissed as moot plaintiff's alternative motion to set aside the jury's verdict as against the weight of the evidence. In view of our determination, that motion is no longer moot. We conclude, however, that the verdict is supported by a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129, 134). The evidence establishes that plaintiff, in addition to other daily functions, is able to drive, write, open handle-type doors, use eating utensils and perform many of the tasks of an optometrist.

Finally, defendant's claim alleging fraud was not without basis in law or fact, nor does the record support plaintiff's contention that defendant commenced the action merely to harass plaintiff (see, 22 NYCRR 130-1.1 [c]; cf., Doone v Reiser, 272 AD2d 368, 368-369). Thus, the court abused its discretion in awarding attorney's fees to plaintiff, and we therefore further modify the order by vacating that award. We conclude, however, that the court properly dismissed defendant's fraud claim. Defendant failed to establish that plaintiff knowingly or recklessly made a false statement of fact that was "offered to deceive [defendant] and to induce [defendant] to act upon it, causing injury" (Jo Ann Homes at Bellmore v Dworetz, 25 NY2d 112, 119). Present—Hayes, J.P., Hurlbutt, Kehoe and Lawton, JJ.