■ In the Matter of KELLIE A. CRISAFULLI, Appellant, v JOHN ANDERSON, Respondent. (Appeal No. 2.) [748 NYS2d 126] —Appeal from an order of Family Court, Oswego County (Hafner, Jr., J.), entered March 26, 2001, which, inter alia, denied the petition to suspend visitation.

■ In the Matter of KELLIE A. CRISAFULLI, Respondent, v JOHN ANDERSON, Appellant. (Appeal No. 1.) [747 NYS2d 816] —Appeal from an order of Family Court, Oswego County (Hafner, Jr., J.), entered May 30, 2001, which denied respondent's motion seeking an award of attorney's fees and costs and the imposition of sanctions.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is granted, and the matter is remitted to Family Court, Oswego County, for further proceedings in accordance with the following Memorandum: Petitioner mother commenced this proceeding seeking to suspend respondent father's unsupervised visitation with the parties' then 2½-year-old daughter based on allegations that respondent had sexually abused the child. Following a hearing, Family Court denied the petition and granted the cross petition of respondent to transfer custody of the child to him, subject to the child's supervised visitation with petitioner. In so doing, the court found that petitioner had fabricated the allegations of sexual abuse in a deliberate attempt to alienate the child from respondent and thwart respondent's visitation rights. Respondent appeals from a subsequent order that denied his motion

seeking an award of attorney's fees and costs and the imposition of sanctions based on the frivolous conduct of petitioner in this litigation.

We agree with respondent that the court's denial of his motion is inconsistent with the court's finding that petitioner's allegations of sexual abuse against respondent were totally without merit and evidentiary support and indeed had been fabricated. Pursuant to 22 NYCRR 130-1.1 (c) (2) and (3), "conduct is frivolous if * * * it is undertaken primarily * * * to harass or maliciously injure another" or "it asserts material factual statements that are false." Petitioner's fabrication of scandalous allegations of sexual abuse against respondent constitutes frivolous conduct within the meaning of that rule (see generally Schaeffer v Schaeffer, 294 AD2d 420; Liapakis v Sullivan, 290 AD2d 393, 394; Matter of Laing v Laing, 261 AD2d 622; Basil B. v Mexico Cent. School Dist., 248 AD2d 985, lv denied in part and dismissed in part 92 NY2d 834, lv dismissed 94 NY2d 857). We therefore conclude that the court abused its discretion in denying respondent's motion (cf. Amherst Magnetic Imaging Assoc. v Community Blue, HMO of Blue Cross of W. N.Y., 286 AD2d 896, 898, lv denied 97 NY2d 612; Distafano v Keycorp Mtge., 212 AD2d 994; Brittle v Weltman, 202 AD2d 1059; Matter of MacKnight v Sutton, 198 AD2d 853, 854, lv dismissed 84 NY2d 988). We note in particular the egregious nature of petitioner's conduct (see Laing, 261 AD2d 622), as well as the need to deter petitioner from further engaging in such conduct (see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway, 76 NY2d 411, 415; Belsky v Belsky, 175 AD2d 900, 902-903). Thus, we reverse the order, grant the motion, and remit the matter to Family Court, Oswego County, to determine the appropriate amount of attorney's fees, costs, and sanctions to which respondent is entitled (see Carniol v Carniol, 288 AD2d 421, 422; Doone v Reiser, 272 AD2d 368, 369; Preferred Equities Corp. v Ziegelman, 190 AD2d 659, 660). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.