In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain documents, Coachlight Square on the Hudson Association, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester *596 County (West, J.), entered February 13, 2002, as, upon reargument, adhered to its original determination in an order and judgment (one paper) of the same court entered November 14, 2001, denying that branch of the cross motion of Coachlight Square on the Hudson Association, Inc., which was to impose a sanction upon the petitioner and the 'nonparty, Peter Klose, pursuant to 22 NYCRR 130-1.1, and, sua sponte, vacated so much of the order and judgment entered November 14, 2001, as dismissed the counterclaim of Coachlight Square on the Hudson Association, Inc., “without prejudice,” and instead dismissed the counterclaim “with prejudice.”
Ordered that on the Court’s own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order entered February 13, 2002, which, sua sponte, vacated so much of the order and judgment entered November 14, 2001, as dismissed the counterclaim of Coachlight Square on the Hudson Association, Inc., “without prejudice,” and instead dismissed the counterclaim “with prejudice,” is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the cross motion of Coachlight Square on the Hudson Association, Inc., which was to impose a sanction upon the petitioner and the nonparty, Peter Klose, pursuant to 22 NYCRR 130-1.1, is granted, that portion of the order which, sua sponte, vacated so much of the order and judgment entered November 14, 2001, as dismissed the counterclaim of Coachlight Square on the Hudson Association, Inc., “without prejudice,” and instead dismissed the counterclaim “with prejudice,” is vacated, and the matter is remitted to the Supreme Court, Westchester County, for a hearing in accordance herewith.
The petitioner raised questions concerning the propriety of a 1997 investment made by a condominium association, Coach-light Square on the Hudson Association, Inc. (hereinafter Coachlight or the condominium), as well as the role of John Mattis, an investment advisor who was then Coachlight’s treasurer. Coachlight acted on Mattis’s advice in making the investment. The investment was made through Mattis’s employer. Coachlight placed $150,000 of its reserve in a high-yield fund. Mattis earned a commission of approximately $1,600. The investment was liquidated in 1999, and yielded Coachlight a $17,000 profit. At the time the petitioner first questioned the investment, he was neither a condominium unit owner nor a *597 member of Coachlight’s board. He purported to be acting on behalf of his mother, who was a unit owner.
In response to the petitioner’s questions, Coachlight asked its attorney, Peter E Gass, to examine the matter, with the possibility of litigation in mind. Gass concluded, inter alia, that Coachlight made money on the investment, and that although Mattis profited from the transaction, the condominium was not harmed as it would have had to pay the same fees or charges for its investment in any event. Gass showed the petitioner the documents upon which he based his review.
Coachlight decided not to pursue the matter to litigation against Mattis for a number of reasons, including the lack of economic sense in incurring expenses and attorney’s fees to pursue a speculative recovery, over a transaction that netted the condominium a profit.
Thereafter, the petitioner acquired his mother’s condominium unit, was elected to Coachlight’s board, and brought this proceeding, inter alia, to obtain documents pertaining to Coachlight’s inquiry. Coachlight asserted a counterclaim for breach of fiduciary duty and cross-moved, inter alia, to dismiss the petition and to impose a sanction upon the petitioner and his counsel, under 22 NYCRR 130-1.1. The Supreme Court, among other things, dismissed the petition and the counterclaim, both “without prejudice,” and denied as academic, also “without prejudice” Coachlight’s cross motion to impose a sanction.
The petitioner commenced a new CPLR article 78 proceeding seeking similar relief. Shortly thereafter, in this proceeding, the condominium moved for leave to reargue and renew, seeking to impose a sanction upon the petitioner and his counsel. The Supreme Court granted leave to reargue, but, upon reargument, adhered to its initial determination, finding a sanction inappropriate because the petitioner had asserted “prima facie claims for the relief sought.” Then, apparently confusing the condominium’s breach of fiduciary duty counterclaim with its cross motion to impose a sanction under 22 NYCRR 130-1.1, the Supreme Court, sua sponte, dismissed the condominium’s counterclaim with prejudice in light of its finding that the petitioner had stated “prima facie claims for relief.”
The Supreme Court erred in denying Coachlight’s cross motion to impose a sanction. This proceeding was designed merely to harass Coachlight, Gass, and the individual current and former condominium board members named as respondents to this proceeding, some of whom concededly were named merely because the petitioner “believed” they had relevant documents *598 in their possession. The petitioner himself recognized that as of December 12, 2001, the respondents spent “in excess of $70,000” in legal fees defending a proceeding whose purpose was to challenge a business judgment to forego litigation that made no economic sense. Under the circumstances of this case, we conclude that the proceeding was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (see Doone v Reiser, 272 AD2d 368 [2000]). Even assuming, as did the Supreme Court, that the petitioner asserted “prima facie” claims, this alone does not suffice to deny an award of costs and sanctions where the proceeding’s primary purpose is to harass (see Matter of Gordon v Marrone, 202 AD2d 104 [1994]). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing on the issue of the amount of an appropriate sanction to be imposed, pursuant to 22 NYCRR 130-1.1.
We further conclude that the Supreme Court erred in, sua sponte, dismissing Coachlight’s breach of fiduciary duty counterclaim “with prejudice.” The stated reason for the Supreme Court’s action was that the petitioner had asserted “prima facie” claims for relief. As noted, it appears that the Supreme Court confused Coachlight’s counterclaim with its independent cross motion to impose a sanction, and in doing so, erred. In addition, the Supreme Court erred in dismissing the counterclaim sua sponte, as there was no pending motion for summary judgment requesting that relief (see Skyline Enters. of N.Y. Corp. v Amuram Realty Co., 288 AD2d 292 [2001]). Altman, J.E, H. Miller, Adams and Townes, JJ., concur.